KAB

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Cleveland Yarrow Cook,<br><br>Plaintiff,<br><br>v.<br><br>Crystal Lee, et al.,<br><br>Defendants. | No. CV 17-02569-PHX-DGC (JFM)<br><br>**ORDER** |

Plaintiff Cleveland Yarrow Cook, who is currently confined in the Arizona State Prison Complex-Lewis, filed a pro se civil rights Complaint pursuant to 42 U.S.C. § 1983. Before the Court is Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction (Doc. 26). The Court will deny the motion.

**I.   Background**

On screening under 28 U.S.C. § 1915A(a), the Court determined that Plaintiff stated Eighth Amendment failure-to-protect claims in Count One against Defendants Lee, Kaufman, Metzler, Charette, and Pontious, and Eighth Amendment medical claims in Count Two against Defendants Young, Endie, and Elisha. (Doc. 7.) The Court dismissed the remaining claims and Defendants. (*Id.*)

Plaintiff alleged in Count Two of his Complaint that after another inmate hit him in the head twice with handcuffs, Defendants Young, Endie, and Elisha denied him medical care for injuries related to the assault. (*See generally*, Doc. 1, Doc. 7.)

## II. Motion for Injunctive Relief

In his Motion seeking injunctive relief, Plaintiff alleges that he is being denied pain management medications for his ear and physical therapy, and that he is experiencing continued pain, stiffness, headaches, and limited motion in his neck. (Doc. 26 at 2.) Plaintiff specifically alleges that on May 17, 2017, Defendant Ende told him that there is a way to fix the ringing in Plaintiff's ear, but "we [sic] will not get the same treatment in prison as we would in society." (Doc. 28 at 2.) Plaintiff further alleges that Defendants Ende and Elijah discontinued Plaintiff's medications for pain management, and denied Plaintiff's requests to be seen by a specialist and for physical therapy. (*Id.*) Plaintiff asserts that his neck is stiff and painful, he has headaches, and his hearing is impaired. (*Id.*)

As relief, Plaintiff seeks "a medically appropriate course of physical therapy designed to restore and maintain the full function of his neck," examination by "a qualified hearing specialist and orthopedic specialist and to be put back on . . . Gabapentin and Tramadol." (Doc. 27 at 2.)

In Response, Defendants Young, Elijah, and Ende present the following relevant evidence. With regard to Plaintiff's request for physical therapy for his neck pain, Plaintiff has submitted no HNRs since September 2017 related to neck pain and did not complain about it during his January 31, 2018 visit with Ende. Even so, if Plaintiff's neck pain is not well-managed, physical therapy is a realistic option, and a Physical Therapy consult request has been entered for Plaintiff, though not yet approved.

With regard to Plaintiffs' complaints of ringing in the ears, Plaintiff has not complained of ringing in his ears since September 13, 2017, tinnitus (ringing in the ears) is not generally a sign of a serious problem, and there is no cure or treatment. Nonetheless, in an abundance of caution, an ENT consult request has been entered for Plaintiff "for persistent tinnitus in the right ear" given Plaintiff's trauma history. With regard to Plaintiff's requests for Gabapentin and Tramadol, Defendant Ende does not believe those medications are indicated for Plaintiffs' chronic pain, and Plaintiff has not

explained what adverse reactions he is having to other pain medications he has been prescribed such that his providers would need to consider alternatives.

In Reply, Plaintiff states specific side effects he has had from other medications. He also argues that there are "hearing aids and some type of supplements available to treat Tinnitus." (Doc. 38.)

**III. Legal Standard**

"A preliminary injunction is 'an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion.'" *Lopez v. Brewer*, 680 F.3d 1068, 1072 (9th Cir. 2012) (quoting *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (per curiam); *see also Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (citation omitted) ("[a] preliminary injunction is an extraordinary remedy never awarded as of right"). A plaintiff seeking a preliminary injunction must show that (1) he is likely to succeed on the merits, (2) he is likely to suffer irreparable harm without an injunction, (3) the balance of equities tips in his favor, and (4) an injunction is in the public interest. *Winter*, 555 U.S. at 20. "But if a plaintiff can only show that there are 'serious questions going to the merits'—a lesser showing than likelihood of success on the merits—then a preliminary injunction may still issue if the 'balance of hardships tips sharply in the plaintiff's favor,' and the other two *Winter* factors are satisfied." *Shell Offshore, Inc. v. Greenpeace, Inc.*, 709 F.3d 1281, 1291 (9th Cir. 2013) (quoting *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011)). Under this serious questions variant of the *Winter* test, "[t]he elements . . . must be balanced, so that a stronger showing of one element may offset a weaker showing of another." *Lopez*, 680 F.3d at 1072.

Regardless of which standard applies, the movant "has the burden of proof on each element of the test." *See Envtl. Council of Sacramento v. Slater,* 184 F. Supp. 2d 1016, 1027 (E.D. Cal. 2000). Further, there is a heightened burden where a plaintiff seeks a mandatory preliminary injunction, which should not be granted "unless the facts and law

clearly favor the plaintiff." *Comm. of Cent. Am. Refugees v. INS*, 795 F.2d 1434, 1441 (9th Cir. 1986) (citation omitted).

The Prison Litigation Reform Act imposes additional requirements on prisoner litigants who seek preliminary injunctive relief against prison officials and requires that any injunctive relief be narrowly drawn and the least intrusive means necessary to correct the harm. 18 U.S.C. § 3626(a)(2); *see Gilmore v. People of the State of Cal.*, 220 F.3d 987, 999 (9th Cir. 2000).

A court may issue an injunction against a non-party only where the non-party acts in active concert or participation with an enjoined party. Fed. R. Civ. P. 65(d)(2) (a preliminary injunction only binds those who receive actual notice of it by personal service or are parties, their officers, agents, servants, employees, and attorneys, and persons in active concert); *see Zepeda v. INS*, 753 F.2d 719, 727 (9th Cir. 1984) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court."); *see also Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100, 110 (1969).

**IV.  Discussion**

Plaintiff fails to show that he is likely to succeed on the merits of his medical claims or that he will suffer irreparable harm in the absence of an injunction. The evidence before the Court shows that Plaintiff's medical providers have provided continuous medical care for injuries to Plaintiff's neck and ear, and are continuing to provide such treatment in the form of recommended consults for Physical Therapy and to see an ENT. Plaintiff has not provided any evidence that there is other treatment available for Tinnitus that has not been given to him, and his remaining complaints appear to be disagreements with his providers' recommendations. Such disagreements do not establish deliberate indifference to Plaintiff's serious medical needs. *See Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989) ("A difference of opinion does not amount to deliberate indifference to [a plaintiff's] serious medical needs."). Accordingly, on the

current record before the Court, Plaintiff has failed to show that he is likely to succeed on the merits of his claims regarding deliberate indifference to serious medical needs or that he is likely to suffer irreparable harm in the absence of an injunction in light of the ongoing care being provided to him.

**IT IS ORDERED:**

(1) The reference to the Magistrate Judge is withdrawn as to Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction (Doc. 26).

(2) Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction (Doc. 26) is **denied**.

Dated this 9th day of August, 2018.

*David G. Campbell*
David G. Campbell
Senior United States District Judge